## STEPHEN HOUSE *v.* AUSTIN FULLER.

Where a *disseisor* has taken a deed from a tenant in common, of the latter's interest in the land, no other tenant in common can maintain ejectment against him, until he shall thereafter commit an ouster of the plaintiff.

EJECTMENT, to recover the seizen and possession of lots numbered *twenty* and *twenty-eight*, in Enosburgh.

Plea, not guilty. Issue to the country.

On the trial in the county court, the plaintiff gave in evidence the charter of Enosburgh, and original deeds to himself from six or more of the proprietors of their respective rights in said town, which deeds were duly executed, acknowledged and recorded as early as 1797. He also gave in evidence the record of proceedings by the board of commissioners, appointed by act of the legislature, passed in 1810, dividing said town among the several land owners, together with the plan of said town, made by said commissioners, by which record and plan, as also by other testimony in the case, it appeared that said lots in question were not fully divided, but a portion of each of said lots, being the portions embraced in

the plaintiff's declaration, were not severed nor set to any proprietor or other person.   He also proved the defendant in possession at, and previous to, the time of commencing this suit.   He also read in evidence a deed of the land sued for, from one Jehiel R. Barnum to the defendant, executed and dated in February, 1831, describing the land by metes and bounds, and gave evidence tending to show that the defendant entered into possession and claimed said premises under said deed.

The defendant gave in evidence the proceedings of the probate court for the district of Orleans, admitting to record the copy and probate of the last will and testament of Christopher Leffingwell, another of the original proprietors of said Enosburgh, together with letters of administration, with the will annexed, of the estate of said Leffingwell, granted by said probate court to John Smith, of St. Albans, and a license granted by said court to said Smith, as administrator as aforesaid, to sell the real estate of said deceased, founded upon a manifest deficiency of said estate to pay the debts against the testator, appearing of record in said court.   No objection was taken to the sufficiency or regularity of any of these proceedings.   The defendant then read in evidence the deed of said Smith, as such administrator, to the defendant, executed under the license aforesaid, of the right of said Leffingwell in said Enosburgh, which deed was dated uo the 19th day of July, A. D. 1837, and was recorded on the 15th day of August, 1837.

The plaintiff then offered to prove, that, after receiving said conveyance from said administrator, the defendant continued to occupy, possess and improve said land, calling it his own, but did not offer to show any express denial of the plaintiff's right as a co-proprietor, nor any demand of the plaintiff to be let into possession with the defendant, nor any communication between the plaintiff and defendant relating to said land.   The court rejected the evidence offered, and directed a verdict for the defendant, to which decision the plaintiff excepted.

*Smalley & Adams*, for plaintiff.

1. The plaintiff showed a title, under the proprietors, to an undivided portion of the premises, of which the defendant was in possession.

2. Proprietors of a town are tenants in common, and, as such, may maintain ejectment against a stranger. *University of Vt.* v. *Reynolds,* 3 Vt. R. 552. *Pomeroy* v. *Mills,* Id. 280.

3. One tenant in common may maintain ejectment against a co-tenant, to be let into possession, if there is an actual ouster. Adams on Eject. 55, 56.

4. The defendant, by taking a deed from Barnum of the whole premises, and entering into possession under that deed, ousted the plaintiff and acquired a freehold in himself, by disseisin. Adams on Eject. 55, 56. *Pomeroy* v. *Mills,* 3 Vt. R. 415. *Higby* v. *Rice,* 5 Mass. R. 344. *Small* v. *Proctor,* 15 Mass. R. 498. *Bradstreet* v. *Huntington,* 5 Peters' R. 402, 434.

5. The defendant's entry, under Barnum's deed, and continued occupation, made his possession adverse to the plaintiff's right, and amounted to an actual ouster of the plaintiff, unless the subsequent deed from Leffingwell's administrator, destroyed the effect of Barnum's deed, and entirely changed the character of the defendant's possession. The defendant's deed from Barnum conveyed a certain piece of land by metes and bounds. The deed from Leffingwell's administrator conveyed his right to certain portions of the lands in that town, without specifying any particular piece of land. Can it be said that the second deed destroyed the effect of the first, so far that the defendant could not rely upon the first deed, and claim the land under it by the statute of limitations, or otherwise, as against a proprietor? If not, the defendant has the right of considering his possession, under that deed, as adverse to the proprietors. If the defendant can elect to consider his possession adverse to the plaintiff's right, why should not the plaintiff have the right of considering such possession adverse? There are cases in which the real owner has the right of considering himself disseised by a person in possession, or not, at his election. *Vanschake* v. *Davis,* 5 Cowen, 134. Balantine on Limitations, in notes, p. 21, n. 1. But, we apprehend, no case can be found in which a person in possession has been permitted to consider himself as a tenant, or disseisor, at his election.

*Brown* and *Aldis,* for defendant.

The facts proved, and offered to be proved, on the part of

the plaintiff, do not constitute an ouster, *at the time the suit was brought.*

I. Admitting the possession of the defendant, under the deed from Barnum, to have been an ouster, until he took the deed from Leffingwell in July, 1837.

The defendant, by taking that deed, became a tenant in common with the plaintiff. His *right* of possession to the whole then accrued. The defendant, having two titles to the land, the one good, and the other bad, the law presumes him to hold possession under the good title. If his possession was to be affixed to the bad title, the law would presume him to be a wrong doer.

The defendant had a *right*, as tenant in common, to the possesson of the land, unless the court should decide that, in consequence of his adverse possession, under the Barnum deed, that right was suspended until he had either given no= tice to his co-tenants of his abandonment of claim, under that title, or else had left his old possession and taken possession anew.

But the law throws no such impediments in the way of curing a defective title and of legalizing a wrongful possession.

Having a right to the possession, he is presumed, in compliance with the general maxim of law, to hold according to his right, until proof is made to the contrary. Without such proof, the facts, that his original possession was wrongful, under the deed from Barnum, and that that deed remained on record, after his second deed was obtained, do not constitute an ouster.

II. What is the proof that the defendant, after receiving the deed from Leffingwell, did not hold according to his right as tenant in common ? It is this—" the defendant continued to occupy, possess, and improve said land, calling the same his."

1. If he had a right to take, he had a right to *continue,* the possession without having to *renew* it.

2. A tenant in common has a right to occupy, possess and improve " the whole land." He has a right to take *all* the profits, subject only to an accounting to his co-tenants.

" Calling the land his" is a vague expression, not sufficient to show an ouster. The land was his, in part, in fee simple, and, as to the possession, his for the whole. He does not

FRANKLIN,
January,
1841.

House
v.
Fuller.

call the land his in denial of his co-tenant's title, nor in the presence of the plaintiff, for the case finds "there has been no communication between them." 2 Cr. Dig. 358. 3 Dane's Abr. 479. *Bradstreet* v. *Huntington*, 5 Pet. R. 444. *Clapp* v. *Bromagham*, 9 Cowen, 554. *Catlin* v. *Kidder*, 7 Vt. R. 12. *Ricard* v. *Williams*, 5 Pet. Cond. R. 238. *Pray* v. *Pierce*, 7 Mass. 281. *Prop'rs of Ken. Purchase* v. *Springer*, 4 Mass. 416.

The opinion of the court was delivered by

COLLAMER, J.—This land belonged to tenants in common, among whom was the plaintiff and Leffingwell. The defendant took a deed of the lot from Barnum, who had no interest therein, and entered into possession, and thus became a *disseisor* of the owners. The only effect of the Barnum deed was to give color or character to the defendant's possession ; that is, it showed the geographical extent of his claim and that he held in his own right and not as tenant to the owners; and fifteen years' possession would, by our statute, have given him a title. He was, however, still but a disseisor, and the lot having certain visible boundaries, he, by claiming in his own right and possessing fifteen years, would have acquired the same right, by our statute, without the deed of Barnum as with it. But a disseisor may purchase the legal title to the land he possesses and thereby acquire all the rights and be subject to all the liabilities of other purchasers. The defendant procured a legal conveyance of Leffingwell's interest in this land ; for such was the legal effect of the deed from the administrator. The defendant thereby became a tenant in common with the plaintiff, and so entitled to take or to hold the possession of the land, as well as the plaintiff. Entitled to the rights, he became subject to the liabilities of a tenant in common. No longer a disseisor, he could make no further claim under his Barnum deed as against his co-tenants, but possessed, as all tenants in common are in law presumed to possess, until the contrary is shown, that is, according to their legal title, *per my et per tout*. From that time the plaintiff could sustain no ejectment against the defendant, his co-tenant, until he was guilty of an ouster or disseisin of the plaintiff, of which no proof was offered.

Judgment affirmed.